UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YOLANDA MURILLO, ) | Case No.: 10-CV-05684-JW |
| ) | |
| Plaintiff, ) | ORDER DENYING PLAINTIFF'S |
| v. ) | REQUEST FOR TEMPORARY |
| ) | RESTRAINING ORDER |
| AURORA LOAN SERVICES, ET AL., ) | |
| ) | (re: docket #1) |
| Defendants. ) | |
| ) | |

Presently before the Court is Plaintiff's Complaint, which includes an ex parte request for a temporary restraining order. *See* Dkt. #1. Plaintiff's ex parte request for a temporary restraining order was assigned to the undersigned Judge on December 23, 2010. Plaintiff alleges that Defendants are attempting to unlawfully foreclose on her property located at 543 Bliss Court, San Jose, California.

The standard for issuing a TRO is identical to the standard for issuing a preliminary injunction. *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002); *Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). A plaintiff seeking a preliminary injunction must make a four-fold showing: (1) that she is likely to succeed on the merits; (2) that she is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in her favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 129 S.Ct. 365, 374 (2008); *Amer. Trucking Assocs., Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009).

1

Plaintiff has not demonstrated that she is likely to succeed on the merits of her claims, and her request for a temporary restraining order must be denied. Plaintiff alleges that she executed a mortgage loan on or about September 30, 2005. Compl. ¶ 14. Plaintiff also alleges that Defendant Aurora Loan Services was the original Beneficiary and Defendant Quality Loan Service Corporation was the trustee on the deed of trust. *Id*. at ¶¶ 15-19. Thus, as a preliminary matter, Defendants have the authority to foreclose based on Plaintiff's own allegations.

Moreover, on the face of Plaintiff's Complaint, it appears that Plaintiff's claims under the Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA") are time-barred as the loan at issue was executed in September 2005, but Plaintiff did not file this action until December 2010, well past the applicable statutes of limitations. *See* 15 U.S.C. §1640(e) (TILA claim for damages is subject to a one-year statute of limitations); 15 U.S.C. § 1635(f) (TILA claim for rescission is subject to three-year statute of limitations); 12 U.S.C. §2614 (private actions under RESPA are limited by a one- or three-year statute of limitations). Plaintiff has made no allegations as to equitable tolling.

Finally, Plaintiff's allegation that Defendants have "refused to produce the original Note" is insufficient to entitle her to injunctive relief. *See, e.g.*, *Padilla v. One West Bank*, 2010 U.S. Dist. LEXIS 134387, * (N.D. Cal. Dec. 20, 2010) (California code "does not require the beneficiary, or its servicer, to produce the original note to the debtor/trustor" prior to proceeding with non-judicial foreclosure).

Accordingly, Plaintiff's request for a temporary restraining order is DENIED.

**IT IS SO ORDERED.**

Dated: December 23, 2010

_____
LUCY H. KOH
United States District Judge

2
Case No.: 10-CV-05684-LHK
ORDER DENYING PLAINTIFFS' REQUEST FOR EMERGENCY TEMPORARY RESTRAINING ORDER